1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | CRAY, INC.,                              CASE NO. C15-1127JLR

11 |                       Plaintiff,         ORDER

12 |            v.

13 | RAYTHEON COMPANY,

14 |                       Defendant.

15 |                    **I.    INTRODUCTION**

16 |        Before the court is Defendant Raytheon Company's motion to dismiss or,

17 | alternatively, transfer venue.  (3d MTD (Dkt. # 51); *see also* Reply (Dkt. # 58).)

18 | Raytheon asks the court to dismiss Plaintiff Cray, Inc.'s remaining claims for lack of

19 | standing and failure to state a claim or, in the alternative, to transfer this case to the

20 | United States District Court for the Eastern District of Texas, where related litigation

21 | between Raytheon and Cray is pending.  (*See* 3d MTD.)   Cray opposes Raytheon's

22 | motion.  (Resp. (Dkt. # 55).)  The court has considered Raytheon's motion, all

ORDER- 1

submissions filed in support thereof and opposition thereto, the balance of the record, and the applicable law.  Being fully advised,[1] the court DECLINES to rule on Raytheon's motion to dismiss and GRANTS Raytheon's motion to transfer venue.

## II.   BACKGROUND

The court described the background of this case in some detail in its order on Raytheon's renewed motion to dismiss for lack of personal jurisdiction.  (*See* 4/5/16 Order (Dkt. # 48) at 1-8; *see also* 2d MTD (Dkt. # 37).)  Accordingly, the court will recount only select, primarily procedural, details here.

Cray filed this case on July 15, 2015, asserting claims for declaratory judgment of non-infringement of nine Raytheon high performance computing ("HPC") patents, including United States Patent Numbers 8,335,909 ("the '909 Patent") and 9,037,833 ("the '833 Patent").  (*See* Compl. (Dkt. # 1) at 4-9.)  The original complaint contained no allegations that Raytheon had misappropriated Cray's technology or breached any agreement with Cray, or that Cray employees should be listed as inventors on any Raytheon patents.  (*See generally id.*)  On September 25, 2015, Raytheon filed suit against Cray in the United States District Court for the Eastern District of Texas ("the Eastern District") alleging infringement of four HPC patents, including the '909 Patent and the '833 Patent.  *Raytheon Co. v. Cray, Inc.*, No. 15-cv-01554-JRG-RSP (hereinafter, *Raytheon I*), Dkt. # 1 (E.D. Tex. 2015).  On the same day, Raytheon responded to Cray's

---

[1] Although both parties have requested oral argument (3d MTD at 1; Resp. at 1), the court deems oral argument unnecessary to the disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1  original complaint in this case by filing a motion to dismiss for lack of personal

2  jurisdiction.  (1st MTD (Dkt. # 24).)  Rather than filing an opposition to that motion,

3  Cray filed its first amended complaint, which is currently the operative complaint in this

4  case.  (Am. Compl. (Dkt. # 29).)

5          In its amended complaint Cray dropped five of its non-infringement declaratory

6  claims and re-pleaded four of those claims, including the claims related to the '909 and

7  '833 Patents.  (*See* Am. Compl. at 7-9.)  Cray also added nine new claims:  four claims

8  for declaratory judgment of unenforceability, two correction of inventorship claims, and

9  three state law claims for conversion, unjust enrichment, and breach of contract.  (*Id.* at

10  10-23.)  Cray based these claims on new allegations that Raytheon breached

11  nondisclosure agreements and misappropriated Cray's technology and that Cray

12  employees are inventors of the '909 and '833 Patents.  (*See id.*; *see also id.* at 4-7.)

13  Cray's new claims and allegations pertain only to the '909 and '833 Patents.  (*See id.* at

14  10-24.)

15          Raytheon then filed a renewed motion to dismiss for lack of personal jurisdiction.

16  (2d MTD.)  On April 5, 2016, the court granted in part and denied in part Raytheon's

17  renewed motion.  (4/5/16 Order at 1-2.)  The court dismissed all of Cray's declaratory

18  claims for lack of personal jurisdiction (*id.* at 13-18) but found personal jurisdiction

19  exists for Cray's correction of inventorship claims (*id.* at 18-23).[2]  Raytheon filed the

20

21          [2] The court exercised pendent personal jurisdiction for Cray's state law claims.  (4/5/16
22  Order at 23-24.)  The court refers to the claims remaining in this case—that is, the correction of
    inventorship and state law claims—as "the Remaining Claims" or "Cray's Remaining Claims."

1   instant motion to dismiss or transfer on April 22, 2016.[3]  (3d MTD at 1.)  Raytheon asks

2   the court to dismiss Cray's Remaining Claims for lack of standing and failure to state a

3   claim or, in the alternative, to transfer them to the Eastern District.  (*See id.* at 8-10.)

4       The *Markman* hearing in this case is scheduled for August 19, 2016, with the

5   parties' opening claim construction briefs due on July 1, 2016.  (Sched. Ord. (Dkt. # 45).)

6   The parties propose that this court construe the following eight terms in the '909 and '833

7   Patents:  (1) "node[s]," (2) "integrated onto"/"integrating into," (3) "associated with," (4)

8   "configured to communicate with each other via a direct link between them," (5) "the

9   switches for each of the n>8 interconnected nodes are configured in a routerless manner

10  such that each of the n>8 interconnected nodes has its own switch," (6) "Northbridge,"

11  (7) "topology enabled by the first switch of each of the plurality of nodes," and (8)

12  "folded topology."  (Joint CC Statement (Dkt. # 61) at 5-6.)  In *Raytheon I*, the *Markman*

13  hearing is set for August 4, 2016.  *Raytheon I*, Dkt. # 34.  The parties have already begun

14  submitting claim construction briefs in that case, *see id.*, Dkt. # 57, and have asked the

15  Eastern District to construe the same eight terms of the '909 and '833 Patents as they

16  have asked this court to construe, *id.*, Dkt. # 55 at 4-5.  Trial is set for May 8, 2017, in

17  this case, and for March 6, 2017, in *Raytheon I*.  (*See* Sched. Ord.); *Raytheon I*, Dkt. # 34.

18      Raytheon's motion to dismiss or, alternatively, transfer venue is now before the

19  court.

20  _____

21  [3] Also on April 22, 2016, Raytheon filed a second suit against Cray in the Eastern District
    alleging infringement of five additional HPC patents.  *Raytheon Co. v. Cray, Inc.*, No. 16-cv-
22  00423-JRG-RSP (hereinafter, "*Raytheon II*"), Dkt. # 1 (E.D. Tex. 2016).  Both *Raytheon I* and
    *Raytheon II* are assigned to Judge Rodney Gilstrap and referred to Magistrate Judge Roy Payne.

1

## III.    DISCUSSION

2        Raytheon asks the court to dismiss Cray's remaining claims or, in the alternative,

3   to transfer venue to the Eastern District.  (3d MTD at 8-10.)  The court declines to rule on

4   Raytheon's motion to dismiss and instead proceeds directly to the motion to transfer

5   venue.[4]

6        Under 28 U.S.C. § 1404, the court has discretion to transfer this case in the

7   interests of convenience and justice to another district in which venue would be proper.

8   *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Specifically,

9   Section 1404(a) states:

10        For the convenience of parties and witnesses, in the interest of justice, a
         district court may transfer any civil action to any other district or division
11       where it might have been brought or to any district or division to which all
         parties have consented.

12   28 U.S.C. § 1404(a).  The purpose of this statute is to "prevent the waste of time, energy,

13   and money and to protect litigants, witnesses and the public against unnecessary

14

15   _____

16        [4] In *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422
     (2007), the Supreme Court held that a court may consider the question of forum non conveniens
17   without first deciding whether it has subject matter or personal jurisdiction.  *Id.* at 425.  The
     Court permitted preliminary review of non-merits issues, such as forum non conveniens,
18   reasoning that "[j]urisdiction is vital only if the court proposes to issue a judgment on the
     merits."  *Id.* at 431 (quotation omitted).  The same rationale applies to motions for change of
19   venue under 28 U.S.C. § 1404(a), which is part of the statutory scheme that codified forum non
     conveniens doctrine, and like forum non conveniens, involves a threshold, non-merits
20   determination.  *Id.* at 432; *cf. Strojnik v. Heart Tronics, Inc.*, No. CV-09-0128-PHX-FJM, 2009
     WL 1505171, at *1 (D. Ariz. May 27, 2009) ("We may consider the motion for change of venue
21   under 28 U.S.C. § 1404(a) without first deciding whether we have personal jurisdiction over
     the[] defendants."); 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
22   § 3854 (4th ed. 2008) ("It may well conserve judicial resources, and serve the interests of the
     parties as well, to transfer from a forum in which there is a difficult question of personal
     jurisdiction or venue to a district in which there are no such uncertainties.").

1   inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*,

2   No. 3:12-CV-05502-BHS, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting

3   *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

4         "The statute has two requirements on its face:  (1) that the [transferee district] is

5   one in which the action 'might have been brought,' and (2) that the transfer be for the

6   convenience of parties and witnesses, and in the interest of justice." *Amazon.com v.*

7   *Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (quoting 28 U.S.C.

8   § 1404(a)).  Cray could have brought its Remaining Claims in the Eastern District.

9   "[T]he ability to raise the subject matter of a suit in the transferor district by counterclaim

10  in the transferee district will, as a general proposition, satisfy the 'where it might have

11  been brought' requirement of 28 U.S.C. § 1404(a)." *A.J. Indus., Inc. v. U.S. Dist. Ct. for*

12  *C.D. Cal.*, 503 F.2d 384, 387 (9th Cir. 1974).  Raytheon had already sued Cray for

13  infringement in the Eastern District at the time Cray asserted its Remaining Claims.[5]

14  (*Compare* Am. Compl.) *with Raytheon I*, Dkt. # 1.  Because Cray could have asserted its

15  Remaining Claims as counterclaims in *Raytheon I*, the first requirement of § 1404(a) is

16  satisfied.  *See A.J. Indus.*, 503 F.2d at 387.

17        Accordingly, the decision to transfer turns on whether the court finds transfer is

18  appropriate under the "convenience of the parties and witnesses" and "interests of

19  _____

20      [5] The court finds that Cray's Remaining Claims do not relate back to the claims in its
    original complaint under Federal Rule of Civil Procedure 15(c).  Moreover, because the claims in
21  the original complaint have all been dismissed—either voluntarily by Cray or by the court for
    lack of personal jurisdiction—the court considers this action to have been filed on the date when
22  Cray filed its amended complaint and first asserted its Remaining Claims.  (*See* Am. Compl.;
    4/5/16 Order.)

ORDER- 6

1  justice" standards. *Amazon.com*, 404 F. Supp. 2d at 1259 (quoting 28 U.S.C. § 1404(a)).

2  The moving party bears the burden of showing that a transfer is appropriate, *Piper*

3  *Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *Silver Valley Partners, LLC v. De*

4  *Motte*, No. C05-5590 RBL, 2006 WL 2711764, at *2 (W.D. Wash. Sept. 21, 2006), but

5  the decision to transfer is ultimately left to the sound discretion of the district court and

6  must be made on an "individualized, case-by-case consideration of convenience and

7  fairness," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*,

8  376 U.S. at 622).

9      The Ninth Circuit employs a nine-factor balancing test to determine whether to

10  transfer a case under § 1404(a). *Jones*, 211 F.3d at 498.  The test balances the following

11  factors:  "(1) the location where the relevant agreements were negotiated and executed,

12  (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of

13  forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the

14  plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation

15  in the two forums, (7) the availability of compulsory process to compel attendance of

16  unwilling non-party witnesses, . . . (8) the ease of access to sources of proof," and (9) the

17  public policy considerations of the forum state. *Id*. at 498-99.  "Because these factors

18  cannot be mechanically applied to all types of cases," the court considers them "under the

19  statutory requirements of convenience of witnesses, convenience of parties, and the

20  interests of justice." *Amazon.com*, 404 F. Supp. 2d at 1259.

21      In this case, the court finds that the "interests of justice" make transfer appropriate.

22  "Consideration of the interest of justice, which includes judicial economy, may be

1   determinative to a particular transfer motion, even if the convenience of the parties and

2   witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly &*

3   *Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (internal quotation marks omitted) (citing

4   *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986), *Allen v. Scribner*,

5   812 F.2d 426, 436-37 (9th Cir. 1987), and *Commodity Futures Trading Comm'n v.*

6   *Savage*, 611 F.2d 270, 279 (9th Cir. 1979)); *Amazon.com*, 404 F. Supp. 2d at 1261; *see*

7   *also In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("In this case,

8   the existence of multiple lawsuits involving the same issues is a paramount consideration

9   when determining whether a transfer is in the interest of justice.").  "In considering the

10  interests of justice, the [c]ourt weighs such factors as 'ensuring speedy trials, trying

11  related litigation together, and having a judge who is familiar with the applicable law try

12  the case.'" *Amazon.com*, 404 F. Supp. 2d at 1261 (quoting *Heller Fin., Inc. v. Midwhey*

13  *Powder Co.*, 883 F.2d 1286, 1293 (9th Cir. 1989)).

14      Here, there is related litigation in the Eastern District.  "The pendency of related

15  actions in the transferee forum is a significant factor in considering the interest of justice

16  factor." *Id.*; *Jolly v. Purdue Pharma L.P.*, No. 05-CV-1452H, 2005 WL 2439197, at *2

17  (S.D. Cal. Sept. 28, 2005) (citing *A.J. Indus.*, 503 F.3d at 389); *see also Cont'l Grain v.*

18  *The Barge FBL-585*, 364 U.S. 19, 26 (1960).  "Litigation of related claims in the same

19  tribunal is strongly favored because it facilitates efficient, economical and expeditious

20  pre-trial proceedings and discovery and avoid[s] duplicitous [sic] litigation and

21  inconsistent results." *Amazon.com*, 404 F. Supp. 2d at 1261 (alteration in original)

22  (quoting *Durham Prods., Inc. v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp.

1241, 1243 (S.D.N.Y. 1982)).  *Raytheon I* and this case will both require inquiry into the scope and meaning of the '909 and '833 Patents.  Indeed, the parties are asking this court and the Eastern District to construe the same eight terms in the '909 and '833 Patents.  *See Raytheon I*, Dkt. # 55 at 4-5; (Joint CC Statement at 5-6.)  Moreover, *Raytheon I*, *Raytheon II*, and this case will all require the presiding judge and the jury to become familiar with the parties' HPC technology.[6]

The interests of justice weigh heavily in favor of transfer.  Between *Raytheon I* and *Raytheon II*, the Eastern District will be addressing nine of Raytheon's HPC patents.  *See Raytheon I*, Dkt. # 1; *Raytheon II*, Dkt. # 1.  The Eastern District is thus already tasked with the bulk of the litigation between Cray and Raytheon over HPC technology and will soon have invested significant resources in claim construction concerning the two patents at issue in this case—the '909 and '833 Patents—and in becoming familiar with the parties' HPC technology more generally.  *See Raytheon I*, Dkt. # 34.  Given the substantial overlap in issues and subject matter, if this court denies transfer and proceeds with this case simultaneously with the Eastern District litigation, there are nontrivial risks of duplicative proceedings, wasted judicial and party resources, and inconsistent results.  Transfer would obviate those risks and further promote judicial economy by facilitating

---

[6] In a motion filed in the Eastern District, Cray acknowledges that *Raytheon I* and this case involve "related and overlapping issues" and that proceeding with both cases in separate courts simultaneously would "present a significant risk of inconsistent decisions" and waste "substantial judicial and party resources."  *Raytheon I*, Dkt. # 41 at 3-4.  Cray also acknowledges that all the patents at issue in this case and *Raytheon I* "relate generally" to HPC technology; "[t]hus, a jury hearing the case will need to be provided with a complete explanation of technical details involved in high performance computing . . . ."  *Id.* at 6.

1 consolidation and settlement. *See Amazon.com*, 404 F. Supp. 2d at 1262 ("[T]he

2 feasibility of . . . consolidation is a factor that this court can consider in deciding whether

3 to allow a transfer.").

4       Finally, the court rejects Cray's argument that transfer is inappropriate because

5 this court is more familiar with the law governing Cray's state law claims. (*See* Resp. at

6 27-28 (arguing that this court's purported greater familiarity with Washington law

7 "strongly disfavors transfer").) Federal courts are equally equipped to apply distant state

8 laws when the law is not complex or unsettled. *See, e.g.*, *Barnstormers, Inc. v. Wing*

9 *Walkers, LLC*, No. 09cv2367 BEN (RBB), 2010 WL 2754249, at *3 (S.D. Cal. July 9,

10 2010) (stating that a federal court in Texas would be equally adept at applying California

11 law related to unfair competition claims); *Houk v. Kimberly-Clark Corp.*, 613 F. Supp.

12 923, 932 (D. Mo. 1985) ("This court is routinely called upon to apply the law of other

13 jurisdictions in diversity actions; hence, the possibility that [a foreign] law might govern

14 this action is not of great moment."). Cray asserts state law claims for conversion, breach

15 of contract, and unjust enrichment. (Am. Compl. at 21-23.) However, Cray does not

16 suggest that Washington law on those subjects is complex or unsettled. (*See* Resp.) The

17 court therefore accords this factor no weight and concludes that transfer to the Eastern

18 District is appropriate pursuant to 28 U.S.C. § 1404(a).

19               **IV.   CONCLUSION**

20       For the foregoing reasons, the court DECLINES to rule on Raytheon's motion to

21 dismiss and GRANTS Raytheon's motion to transfer venue pursuant to 28 U.S.C.

22

§ 1404(a) (Dkt. # 51).  The court DIRECTS the Clerk to transfer this case to the United

States District Court for the Eastern District of Texas.

Dated this 13th day of June, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 11